IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 24-bk-50707 |
| ENTECCO FILTER TECHNOLOGY, ) | |
| INC., ) | Chapter 11 |
| ) | |
| Debtor. ) | |

**MOTION FOR ORDER AUTHORIZING DEBTOR'S PAYMENT OF PREPETITION (A) EMPLOYEE WAGES, SALARIES, AND RELATED CLAIMS, (B) EMPLOYEE EXPENSES, (C) FUNDS DEDUCTED AND WITHHELD FROM PAYROLL, AND (D) CONTRIBUTIONS AND BENEFITS UNDER EMPLOYEE BENEFIT PLANS**

Entecco Filter Technology, Inc. ("Debtor"), the above captioned debtor ("Debtor"), by and through its undersigned proposed bankruptcy counsel, pursuant to Sections 105, 363, 507(a)(4), 507(a)(5), 507(a)(8), and 1107 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves the Court for entry of an order authorizing payment of certain prepetition (1) employee wages, salaries, and other related claims in accordance with the policies and practices established by the Debtor prior to the commencement of this case, (2) reimbursable employee business-related expenses, (3) funds deducted from payroll, including, without limitation, payroll-related trust taxes, tax deposits, and processing fees, and (4) contributions to employee benefit plans (the "Wage Motion"). In support of the Wage Motion, Debtor respectfully represents as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and has statutory and constitutional authority to hear and determine and to issue final rulings in this constitutionally core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested in the Wage Motion are Bankruptcy Code Sections 105, 363, 507(a)(4), 507(a)(5), 507(a)(8), and 1107 and Bankruptcy Rule 9013.

### FACTUAL BACKGROUND

3. On September 19, 2024 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Case"). Debtor continues in possession of its assets as debtor-in-possession pursuant to Section 1107 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed.

4. Debtor, a Delaware corporation, is an environmental technology company that specializes in air purification and manufactures highly effective and efficient filter products, using them to create turnkey systems for dust removal, exhaust gas purification, and ventilation in virtually every industry.

5. Debtor currently employs approximately 14 full-time or part-time individuals who are either salaried or hourly employees (collectively, the "Employees"). Debtor is at risk of losing key employees who are paramount to the continued operation and successful reorganization of its business if Debtor is not authorized to continue paying the Employees' much-deserved wages and salaries, and make necessary reimbursements.

### I.     *Pre-Petition Employee Wage Claims*

6. Debtor's hourly and salaried Employees are paid every two weeks. Payroll checks for the period August 27, 2024 through September 10, 2024 were cut and delivered to Employees prior to the Petition Date on September 13, 2024 (the "Pre-Petition Payroll"). The next payroll is scheduled for September 27, 2024 for the period September 11, 2024 through September 20, 2024 (the "Pre-Petition Wages"). By this Motion, Debtor is requesting that the Court authorize the payment of the Pre-Petition Wages in the ordinary course of Debtor's business.

7. All of the Pre-Petition Wages were earned within one hundred and eighty (180) days preceding the Petition Date and fall below the fifteen thousand one hundred and fifty dollar ($15,150) priority limit, per individual, prescribed by Section 507(a)(4) of the Bankruptcy Code.

8. The Employees would suffer great undue hardship, and likely significant financial setbacks, if Debtor is not authorized to pay the Pre-Petition Wages, as they rely on the timely payment of their wages to manage their monthly living expenses.

### II.    *Vacation and Personal Days*

9. Many of the Employees have vacation time accrued as of the Petition Date. By this Motion, the Debtor also seeks authority to honor in the ordinary course of business and in its sole discretion all liabilities to its Employees that arose under its vacation policy prior to the Petition Date, except that Debtor is not requesting authority to pay cash to Employees for their vacation days.

### III.   *Prepetition Business Expenses*

10. In the ordinary course of Debtor's business, the Employees travel for business purposes and are reimbursed for expenses incurred in connection therewith. To enable the Employees to perform their jobs effectively, Debtor must continue its policies of permitting certain Employees to incur business and travel-related expenses and thereafter seek reimbursement by submitting appropriate invoices or reports evidencing such expenses. The Employees may be unwilling or unable to continue this vital business practice if they are not reimbursed for business-related expenses, thus irreparably injuring Debtor's business.

11.     As of the Petition Date, some Employees were owed reimbursement of employee business expenses, including but not limited to travel (collectively, the "Prepetition Business Expenses").

12.     Debtor requests authorization to pay the Prepetition Business Expenses, but only, collectively with the Prepetition Wages, up to the statutory cap set forth in Section 507(a)(4) of the Bankruptcy Code and only for those claims that accrued within one hundred and eighty (180) days of the Petition Date.

**IV.     *Prepetition Tax Withholdings***

13.     In the ordinary course of business, Debtor withholds from Employees' paychecks various tax obligations pursuant to federal, state, and local laws. Attendant to the payment of Employee wages, salaries, and expenses is the Debtor's duty to pay certain taxes (collectively, "Trust Fund Taxes").

14.     Continued payment of the amounts that represent the Trust Fund Taxes is not prejudicial to other creditors of Debtor's estate because (1) the monies payable for Trust Fund Taxes are not property of the Debtor's estate under Section 541(b)(7) of the Bankruptcy Code, and (2) the relevant taxing authorities would hold a priority claim under Section 507(a)(8) of the Bankruptcy Code with respect to such obligations if payment of the Trust Fund Taxes is not allowed by this Court.

**V.     *Prepetition Employee Benefits Plan Obligations***

15.     The Employees have the right to participate in Debtor's employer-sponsored 401(k) retirement plan and certain other employee benefits (the "Benefits") on account of which Debtor ordinarily contributes (the "Debtor's Portion") a certain percentage of the employee's contribution (the "Employee Deductions," and together with Debtor's Portion, the "Prepetition Employee Benefit Plan Obligations") and pays both the Debtor's Portion and the Deductions to a third party.

16.     The failure to remit such amounts will jeopardize the continuation of Benefits for the Employees and seriously disrupt Debtor's efforts to stabilize its business in Chapter 11.

17.     The Prepetition Employee Benefit Plan Obligations, fall below the priority cap set by Section 507(a)(5) of the Bankruptcy Code and arose within one hundred and eighty (180) days of the Petition Date.[1]

---

[1] The priority cap set forth in Section 507(a)(4), which applies to "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual" is $15,150 *per individual employee*.  In contrast, pursuant to Section 507(a)(5), "contributions to an employee benefit plan" are capped *for such plan* to the extent of "the number of employees covered by each such plan multiplied by $15,150; less the aggregate amount paid to such employees under [Section 507(a)(4)], plus the aggregate amount paid by the estate on behalf of such employees to any other employee benefit plan." Debtor is requesting authority to pay Prepetition Wages, Prepetition Business Expenses, and Prepetition Employee Benefit Plan Obligations in an amount far less than this cap.

**RELIEF REQUESTED**

18. By the Wage Motion, Debtor seeks the entry of an order pursuant to Sections 105, 507(a)(4), 507(a)(5), 507(a)(8), and 1107 of the Bankruptcy Code and Rule 9013 of the Bankruptcy Rules authorizing it to pay the Prepetition Wages, Prepetition Business Expenses, Trust Fund Taxes, and Prepetition Employee Benefit Plan Obligations as such amounts become due in the ordinary course of the Debtor's business, so long as the priority caps set forth in Sections 507(a)(4) and 507(a)(5) are not exceeded.

19. Failure or delay in paying the Prepetition Wages, Prepetition Business Expenses, Trust Fund Taxes, and Pre-Petition Employee Benefit Plan Obligations would seriously harm Debtor's relationship with its Employees, along with its reorganization efforts.

WHEREFORE, Debtor respectfully requests that the Court enter an order:

1. Authorizing, but not requiring, Debtor to pay the Prepetition Wages and Prepetition Business Expenses in the ordinary course of its business, but only up to the statutory cap set forth in Section 507(a)(4) of the Bankruptcy Code and only for those claims that accrued within one hundred and eighty (180) days of the Petition Date;

2. Authorizing, but not requiring, Debtor to pay and remit all Trust Fund Taxes in the ordinary course of its business;

3. Authorizing, but not requiring, Debtor to pay the Prepetition Employee Benefit Plan Obligations in the ordinary course of Debtor's business;

4. Making the relief sought by this Wage Motion immediately effective and enforceable upon entry of the order requested hereby; and

5. Granting such other relief as the Court deems just and proper.

Respectfully submitted, this the 19th day of September, 2024

        **WALDREP WALL BABCOCK & BAILEY PLLC**

        */s/ James C. Lanik*
        Jennifer B. Lyday (N.C. Bar No. 39871)
        Kylie L. Hamilton (N.C. Bar No. 56795)
        James C. Lanik (N.C. Bar No. 30454)
        Waldrep Wall Babcock & Bailey PLLC
        370 Knollwood Street, Suite 600
        Winston-Salem, NC 27103
        Telephone: 336-722-6300
        Email: notice@waldrepwall.com
        *Proposed Bankruptcy Counsel for Debtor*