Form 150

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re:
Entecco Filter Technology, Inc.
200 Kapp Street
Winston−Salem, NC 27105

           Debtor

) Bankruptcy Case No.:  24−50707
)
) Chapter 11
)
)
)
)
)
)
)
)

## CHAPTER 11 OPERATING ORDER

This Operating Order (the "Order") is effective immediately upon entry. The requirements in the Order will remain in effect from the date of the entry of this Order, but may be modified by further order of the Court.

Debtor is hereby ORDERED to comply with the following:

1. **Compliance with Code Provisions:** This Order does not relieve debtor of any requirements of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, any interim rules of procedure adopted by the United States Bankruptcy Court for the Middle District of North Carolina (the "Court"), or the Local Bankruptcy Rules of the Court.

2. **Clerk's Office Memoranda, Notices and Letters:** The Court regulates certain aspects of the chapter 11 process through the use of the memoranda, notices, and letters issued by the Clerk of the Bankruptcy Court pursuant to Federal Rule of Bankruptcy Procedure 9029. Debtor shall comply with the directives contained in such documents issued by or through the Clerk's Office in this case, including, but not limited to, the following:
    a. Memorandum Regarding General Chapter 11 Procedures;
    b. Memorandum Regarding Designated Depository; and
    c. Chapter 11 Fee Application Guidelines.

3. **Inconsistency:** In the event that this Order is inconsistent with any documentation issued by or through the Clerk's Office, this Order takes precedence and is controlling.

4. **Books and Records:** Debtor shall close its books and records which predate the order for relief and open new books and records thereafter. Such actions shall be performed not later than 7 days after the entry of this Order. Books and records which predate the order for relief shall be reconciled as of the day preceding the entry of the order. Books and records opened after the order for relief shall include a proper record of all transactions, earnings, expenses, receipts, disbursements, and obligations incurred in the operation of debtor's business and in the management, preservation, and protection of property of the estate.

5. **New Bank Accounts:** Debtor must contact the Clerk's Office with the name of the financial institution that will be the official depository for debtor in the case no more than 5 days after the order for relief. Debtor shall close its bank accounts which predate the order for relief and open new accounts to be used during the pendency of the case with the official depository within 7 days after the entry of this Order. Accounts that predate the order for relief shall be reconciled as of the day preceding the entry of the order. If debtor is operating a business and has employees, debtor shall open a separate tax account in which to deposit all withholding taxes contemporaneously with the payment of the related wages. If necessary and appropriate,

debtor shall open a separate payroll account. All checks and bank signature cards for each new account shall clearly indicate that debtor is a chapter 11 "Debtor–in–Possession." Once new accounts are opened, debtor must provide the United States Bankruptcy Administrator for the Middle District of North Carolina (the "Bankruptcy Administrator") and any trustee appointed in the case with information on each new account and the name and phone number of a contact person at the official depository.

6. **Tax Account, Deposits and Filing of Tax Returns:** During the pendency of the case under chapter 11, debtor shall:
    a. Segregate and hold separate and apart from all other funds all monies withheld from employees or collected from others for taxes under the laws of the United States, or any state or subdivision thereof, and shall deposit the money so withheld or collected in a separate bank account contemporaneously with such withholding or collecting;
    b. Pay in a timely manner all taxes due after the order for relief; and
    c. File in a timely manner all tax returns due after the order for relief.

    If an extension of time to file a tax return is sought, that information must be disclosed in debtor's monthly report.

7. **Payments by Debtor:** There are certain kinds of debts and expenses that debtor needs to pay, and should pay. Subject to obtaining authority or consent to use cash collateral as provided under § 363 of the Bankruptcy Code, and unless otherwise ordered by the Court, debtor is authorized to pay the following:
    a. All taxes and similar charges lawfully incurred in the operation of the business and in preservation and maintenance of the property of the estate from and after the order for relief;
    b. Proper expenses and obligations incurred by debtor from and after the order for relief in the ordinary course of operating the business and preserving and maintaining property of the estate, including the reasonable wages, salaries, and compensation of employees of the business;
    c. The costs of maintaining the corporate existence of a corporate debtor;
    d. The expenses of printing/copying and mailing notices to creditors, stockholders, and all other interested parties as may be directed by the Court or applicable rule; and
    e. In a case other than under subchapter V, quarterly fees payable during the pendency of the case pursuant to 28 U.S.C. § 1930(a)(7).

8. **Insurance:** Debtor shall sufficiently insure all property of the estate for loss caused by fire, theft, liability, collision, and casualty, with loss payable clauses in favor of the appropriate secured creditor(s) in the case of pledged or mortgaged property. If required by law, debtor shall also maintain workers' compensation coverage. Debtor shall provide the Bankruptcy Administrator and any trustee appointed in the case with proof of appropriate insurance coverage on or before the date first set for the creditors meeting.

9. **Disposition of Assets:** Debtor shall not sell, mortgage, pledge, or otherwise transfer or encumber any property of the estate, other than in the ordinary course of business, without order of the Court.

10. **Employment of Professionals:** Debtor must file: (i) an application to employ counsel, (ii) an affidavit of proposed counsel, (iii) a disclosure of compensation pursuant to Federal Rule of Bankruptcy Procedure 2016(b), and (iv) a proposed order authorizing debtor to employ counsel with the Court substantially contemporaneous with the order for relief. If debtor desires to employ any other professionals, debtor must file: (i) an application to employ professional, (ii) an affidavit of proposed professional, (iii) a disclosure of compensation pursuant to Rule 2016(b), if applicable, and (iv) a proposed order authorizing debtor to employ professional.

11. **Professional Fees:** All fee applications shall comply with the applicable Chapter 11 Fee Application Guidelines. No professional fees incurred from and after the order for relief shall be paid, from a retainer or otherwise, without prior application and approval of the Court. Nothing herein shall be construed to authorize the payment of professional fees incurred prior to the order for relief. Requests for compensation for services rendered prior to a professional's effective date of employment shall be assessed on a case by case basis.

12. **Officer and Director Retention and Compensation:** Within 14 days after the order for relief, debtor shall file a disclosure of: (i) compensation regularly paid or due to be paid to each officer, partner, or member of debtor prior to the entry of the order for relief, including all benefits and perquisites, and (ii) compensation debtor expects to regularly pay these or other individuals from and after the entry of the order for relief in

such capacities, including all benefits and perquisites. The disclosure must be served on the Bankruptcy Administrator, any trustee appointed in the case, and any official committee in the case.

13. **Monthly Reports:** Debtor is required to file monthly reports with the Court on the progress and status of the case. If debtor is a small business debtor as defined in § 101(51D) of the Bankruptcy Code, debtor must use Official Form 425C– Monthly Operating Report for Small Business Under Chapter 11. If debtor is not a small business debtor, monthly reports filed by debtor shall conform to the form provided by the Clerk's Office in the Memorandum Regarding General Procedures. Debtor shall include all information requested and attach all documentation required by the monthly report form. The first monthly report shall include the period from the order for relief through the last day of that calendar month. Monthly reports shall be filed within 21 days following the end of each calendar month. All monthly reports must be served on the Bankruptcy Administrator and any trustee appointed in the case. The Bankruptcy Administrator may reasonably adjust, as deemed necessary, the form and required content of debtor's monthly reports

14. **Payment of Quarterly Fees:** Unless proceeding under subchapter V, debtor shall comply with the requirements set forth in 28 U.S.C. § 1930(a)(7) and, in accordance with Federal Rule of Bankruptcy Procedure 2015(a)(5), shall file with the Court and serve on the Bankruptcy Administrator quarterly statements of any disbursements made during the calendar quarter and of any fees payable under 28 U.S.C. § 1930(a)(7) for the calendar quarter. Such statements shall be filed on or before the last day of the month that follows each calendar quarter during which there is a duty to pay fees under 28 U.S.C. § 1930(a)(7).

15. **Inspection of Property and Records:** Debtor shall permit the Bankruptcy Administrator, or a representative from the Bankruptcy Administrator's office, reasonable inspection of debtor's premises, properties, books, and records.

16. **Duties of Debtor to Comply with the Reasonable Instructions of the Bankruptcy Administrator:** Debtor shall comply with the reasonable instructions and requests of the Bankruptcy Administrator, which may include meeting with the Bankruptcy Administrator, or a representative from the Bankruptcy Administrator's office, as soon as practicable after the order for relief.

17. **Case in which Debtor is Not a Small Business Debtor:** If debtor is not a small business debtor as defined in § 101(51D) of the Bankruptcy Code, debtor shall comply with the following provisions:
    a. **Disclosure Statement:** The disclosure statement shall contain adequate information as defined by 11 U.S.C. § 1125(a)(1). Section 1125 requires that the disclosure statement include information that would enable a hypothetical investor to make an informed judgment about the plan. At a minimum, a disclosure statement shall include: (i) information on the present financial status of the debtor, (ii) historical cash flow information, (iii) financial projections, (iv) a schedule of proposed payments to creditors, and (v) a liquidation analysis.
    b. **Extension of Exclusivity Period:** If debtor files a motion under 11 U.S.C. § 1121(d), debtor shall file a Status Report on Activities and Financial Condition of Debtor in Possession at the time of the filing of the motion.

18. **Small Business Case:** In a small business case, debtor shall comply with the following provisions:
    a. **Disclosure Statement:** The disclosure statement shall contain adequate information as defined by 11 U.S.C. § 1125(a)(1). Section 1125 requires that the disclosure statement include information that would enable a hypothetical investor to make an informed judgment about the plan. At a minimum, a disclosure statement shall include: (i) information on the present financial status of the debtor, (ii) historical cash flow information, (iii) financial projections, (iv) a schedule of proposed payments to creditors, and (v) a liquidation analysis. Debtor may submit a plan, subject to Court approval, that intends to provide adequate information to enable a hypothetical investor to make an informed judgment about the plan without the necessity of filing a separate disclosure statement. In this event, debtor's plan must be so designated, and Federal Rule of Bankruptcy Procedure 3017.1 shall apply as if the plan is a disclosure statement
    b. **Deadline for Filing Plan and Disclosure Statement:** Pursuant to 11 U.S.C. § 1121(e), debtor must file a plan and disclosure statement (if any) within 300 days after the date of the order for relief. Debtor has the exclusive right to file a plan within 180 days after the date of the order for relief. In order to meet the required notice and confirmation deadlines, debtor shall file a motion for conditional approval of the disclosure statement under 11 U.S.C. § 1125(f) at the time of the filing of the disclosure statement. The Court will consider the motion without a hearing.

    c. **Extension of Time for Filing Plan/Extension of Exclusivity Period:** Debtor may file a motion to extend: (i) the exclusivity period for filing a plan, (ii) the 300–day deadline for filing a plan and disclosure statement (if any), or (iii) the deadline for confirmation of the plan fixed by 11 U.S.C. § 1129(e). **An order must be entered granting any such request prior to expiration of the existing deadline.** The Court will not grant a request to extend any such deadline unless debtor, **after providing notice to parties in interest,** demonstrates by a preponderance of the evidence that it is more likely than not that the Court will confirm a plan within a reasonable period of time. If debtor files a motion to extend the time to file a plan and disclosure statement, debtor shall file a Status Report on Activities and Financial Condition of Debtor in Possession at the time of the filing of the motion.

19. **Case under Subchapter V:** In a case under subchapter V, debtor shall comply with the following provisions:
    a. **Deadline for Filing Plan:** Debtor has the exclusive right to file a plan. Debtor shall file a plan not later than 90 days after the order for relief.
    b. **Extension of Time for Filing Plan:** Debtor may file a motion to extend the 90–day deadline for filing a plan. The Court may extend the deadline if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable. If debtor files a motion to extend the time to file a plan, debtor shall file a Status Report on Activities and Financial Condition of Debtor in Possession at the time of the filing of the motion. In any motion seeking an extension of time to file a plan, debtor shall include the following information:
        i. The reason for the extension;
        ii. The basis on which debtor should not be justly held accountable for the delay; and
        iii. Details on the efforts debtor has undertaken and will undertake to attain a consensual plan of reorganization after the filing of the status report required by 11 U.S.C. § 1188(c).
    c. **Form of Plan:** Debtor shall use Official Form 425A– Plan of Reorganization for Small Business Under Chapter 11. Regardless of proposed plan length, debtor shall attach projected financial information for the 5–year period following confirmation.

20. **Summary of Voting on Plan:** Pursuant to Local Rule 3018–1, debtor shall complete and file a summary of voting on a plan at least 3 business days before the plan confirmation hearing, unless otherwise ordered by the Court.

21. **Post Confirmation:** Following confirmation, debtor shall comply with the Order Regarding Post Confirmation Procedures issued by the Court in this case.

22. **Conversion to Chapter 7/Final Report and Schedule of Postpetition Debts:** In the event that the case converts to a case under chapter 7, debtor shall file a schedule of unpaid debts incurred after the order for relief (with each creditor's name, address and amount due) and a final report and account as required by Federal Rule of Bankruptcy Procedure 1019(5). Failure to comply with this requirement may subject debtor, its principals, and/or the attorney for debtor to sanctions.

Failure to comply with this Order may result in the dismissal of the case, the conversion to a case under chapter 7, or other appropriate action by the Court.

    **SO ORDERED,** on The 19th of September, 2024

Copy to: Debtor
    Debtor's Attorney
    U.S. Bankruptcy Administrator

LENA MANSORI JAMES
United States Bankruptcy Judge